[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant George Young appeals his conviction for one count of possession of cocaine in violation of R.C. 2925.11(A). The trial court imposed a sentence of twelve months' incarceration.
 {¶ 3} Pursuant to Anders v. California,[1] Young's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Young's appeal.[2] Counsel acknowledges that, in Young's opinion, the following errors were committed: (1) that the trial court erred in failing to schedule a pretrial conference, (2) that there was insufficient evidence, (3) that his trial counsel was ineffective, and (4) that the trial court allowed the jury to serve at a "moment's notice." Despite Young's contentions, appellate counsel has communicated his conclusion that there is nothing to support Young's appeal, and he has moved this court for permission to withdraw as counsel.[3]
 {¶ 4} Counsel requests that this court independently examine the record to determine whether the appeal is wholly frivolous.[4] Based on our review of the record, we hold that, despite Young's contentions, it is devoid of prejudicial error. In particular, we hold that, with the evidence viewed in the light most favorable to the state, sufficient evidence was presented to support his conviction.[5] Further, we find no deficiencies in trial counsel's presentation of Young's case. Finally, we reject Young's two remaining arguments that he was prejudiced by the trial court's inability to hold a pretrial conference and by the manner that the jury was allowed to serve. Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed and appellate counsel's motion to withdraw is overruled.
 {¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Young because he is indigent.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra, at 744.
[4] See Anders, supra; Freels v. Hills (C.A. 6, 1988), 843 F.2d 958.
[5] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.